MEMORANDUM **
Michael Stewart, a California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000), and we affirm.
The district court properly dismissed the action because Stewart’s failure to submit an inmate grievance within the 15-working-day deadline did not constitute proper exhaustion. See Woodford v. Ngo, 548 U.S. 81, 83-84, 95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that “proper exhaustion” under § 1997 is mandatory and cannot be satisfied “by filing an untimely or otherwise procedurally defective administrative grievance”); see also Cal. Code Regs. tit. 15, § 3084.6(c) (providing that an inmate must submit an administra *108 tive appeal within 15 working days of the event or decision being appealed).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.